**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| STEVEN BRENT DICK, | No. 09-35739 |
| Petitioner - Appellant, | D.C. No. 6:07-cv-00538-AA |
| v. | |
| SHARON BLACKETTER, Superintendent, Eastern Oregon Correctional Institution, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Submitted May 5, 2010[**]
Portland, Oregon

Before: KOZINSKI, Chief Judge, KLEINFELD and IKUTA, Circuit Judges.

Petitioner's evidence as a whole is insufficient to pass through the *Schlup*

gateway, and therefore we may not reach the merits of his procedurally defaulted

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

claims. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995). The police report describing the complaining witness's experience at the home of Arturo Zamarripa does not make it "more likely than not that no reasonable juror would have convicted" Petitioner for sexual abuse. *Id.* Because the jury heard testimony regarding the complaining witness's grades and his parents' divorce, the complaining witness's deposition testimony addressing these issues does not constitute new evidence undermining the complaining witness's credibility. *See id.*; *Cooper v. Brown*, 510 F.3d 870, 884 (9th Cir. 2007). Our analysis of what a "reasonable, properly instructed juror[] would do" in light of the new evidence is not altered by the fact that two jurors at Petitioner's trial voted to acquit. *House v. Bell*, 547 U.S. 518, 538 (2006).

**AFFIRMED.**